**ALABAMA STATE TENANTS ORGANIZATION et al., Plaintiffs-Appellants,**

v.

**Ray D. BASS, Director of the Highway Department of the State of Alabama, et al., Defendants-Appellees.**

No. 75–2905.

United States Court of Appeals, Fifth Circuit.

March 30, 1977.

---

**3.** *See* Annot., 31 A.L.R.2d 190 (1953), for a discussion of the admissability of evidence of absence of other accidents.

Robert L. Wiggins, Jr., Birmingham, Ala., for plaintiffs-appellants.

Maurice F. Bishop, Birmingham, Ala., for Ray D. Bass, and others.

Donald B. Sweeney, Jr., Wayman G. Sherrer, U. S. Atty., L. Scott Atkins, Asst. U. S. Atty., Birmingham, Ala., Edmund B. Clark, Atty., Land & Natural Res. Div., D. of J., Neil T. Proto, Atty., Peter R. Taft, Asst. Atty. Gen., Wallace H. Johnson, Asst. Atty., Gen., Carl Strass, Atty., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before BROWN, Chief Judge, and HILL and FAY, Circuit Judges.

PER CURIAM:

The appellants herein sought declaratory and injunctive relief in connection with a portion of an Alabama highway, known as the Red Mountain Expressway and extending from Third Avenue North to Thirteenth Avenue North in the City of Birmingham. The appellants' complaint, which set forth nine separate causes of action, named as defendants certain officials of the State of Alabama, as well as various federal officials and employees of the Department of Transportation ("DOT"); the Federal Highway Administration ("FHWA"); and the Department of Housing and Urban Development ("HUD").

The first two causes of action were predicated upon the defendants' alleged failure to comply with the relocation and replacement housing provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4621 et seq. and the Urban Mass Transportation Act of 1964, 49 U.S.C. § 1606(a). The third cause of action was based upon an alleged failure to comply with the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4321 et seq. With respect to this allegation, the defendants did not contend that the requirements of NEPA had been satisfied, but they alleged that their compliance could be expected before the Plans, Specifications and Estimates ("PS & E") stage of the project. The defendants alleged further that the project would not even proceed to that phase unless the City of Birmingham indicated its interest in completing the highway segment.

The fourth and fifth causes of action were based principally upon the defendants' alleged failure to comply with the hearing requirements of the Federal-Aid Highway Act of 1968, 23 U.S.C. § 128. The sixth cause of action was based on the defendants' alleged failure to comply with the requirements of the Federal-Aid Highway Act of 1962, 23 U.S.C. § 134. The seventh cause of action was predicated upon an alleged failure to comply with the Civil Rights Act of 1964, 42 U.S.C. § 2000d. The eighth cause of action was based upon an alleged violation of the Federal-Aid Highway Act of 1968, 23 U.S.C. § 103. The ninth cause of action was predicated upon an alleged violation of the United States Housing Act of 1937, 42 U.S.C. § 1401 et seq.

Based upon its understanding of the City of Birmingham's lack of interest in the highway extension, the district court found that the Red Mountain Expressway project was "completely dormant, if not dead."

 

Thus, the court concluded that the first, second and third causes of action were "premature and [failed to] present to the court the requisite 'case or controversy' for adjudication." With respect to the fourth, fifth and six causes of action, the district court found no dispute as to any material fact. The court concluded further that the federal and state defendants were entitled to judgment as a matter of law because: (1) the material facts established by affidavit evidenced compliance with the Federal-Aid Highway Act of 1962 and the Federal-Aid Highway Act of 1968; (2) the claims asserted were barred by the one-year statute of limitations applicable to such claims under Alabama law; and (3) the claims were unconscionably late and untimely and barred by the doctrine of laches. Finally, with respect to the remaining causes of action, the court found that there was no dispute as to any material fact and granted summary judgment to the defendants as a matter of law.

In this appeal, the appellants allege that the district court erred in each of its conclusions dismissing the nine causes of action set forth in the complaint. After consideration of oral argument and review of the briefs and record in this case,[1] however, we hereby affirm the district court's decision dismissing the plaintiff's first three causes of action without prejudice. The decision of the district court, with regard to causes of action seven, eight and nine dealing with various constitutional matters is also affirmed.

Furthermore, the district court's decision as to causes of action four, five and six is vacated, and the case remanded. The district court is hereby ordered to dismiss those causes of action without prejudice to the plaintiffs to refile if the state and federal defendants do not comply with applicable federal and state laws with respect to the extension portion of the Red Mountain Expressway between its present terminus

at Third Avenue North, and its proposed terminus at Thirteenth Avenue North, Birmingham, Alabama, and furthermore that such a refiling is without prejudice to the defendants to raise any applicable defense.

AFFIRMED in part and VACATED in part.

---

1. Our holding in this case is succinctly stated without developing and publishing the reasoning which leads to the result. Prior to our issuing an opinion, the parties agreed to a reso-lution of this matter, along the lines of this holding, which we find well adjusted to the law and facts.